**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

PETER A. CASSINELLI,

    Petitioner,

v.

V.J. FLOURNOY, Warden,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-89

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Peter Cassinelli ("Cassinelli"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response, and Cassinelli filed a Reply. (Docs. 10, 12.) Cassinelli also filed two pleadings entitled "Judicial Notice". (Docs. 16, 17.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Cassinelli's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Cassinelli *in forma pauperis* status on appeal.

## **BACKGROUND**

Cassinelli was convicted in the Eastern District of Kentucky, after entry of a guilty plea, of possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d). He was sentenced to 48 months' imprisonment on August 15, 2013. J., United States v. Cassinelli, 6:12-cr-00020-GFVT-HAI (E.D. Ky., Aug. 20, 2013), ECF No. 66. Cassinelli has a projected release date of April 21, 2017, via good conduct time credit. (Doc. 10-1, p. 2.)

**DISCUSSION**

In his Petition, Cassinelli asserts he is entitled to 507 days' credit against his federal sentence. (Doc. 1, p. 1.) Specifically, Cassinelli contends he is entitled to credit from September 9, 2013,[1] through January 29, 2015, which is the date he was sentenced in a Kentucky state court. (Id. at p. 2.) Cassinelli states he was in exclusive federal custody from the time he was sentenced in federal court on August 15, 2013, until his state sentence was imposed on January 29, 2015, and, as a result, he is entitled to 507 days' credit against his federal sentence. (Id.)

Respondent avers Cassinelli failed to exhaust his administrative remedies prior to filing his Petition, and his Petition should be dismissed. (Doc. 10, p. 4.) The Court addresses Respondent's contention.

**I.  Whether Cassinelli Exhausted his Administrative Remedies**

**A.  Legal Requirements for Exhaustion**

The Eleventh Circuit has held that a Section 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475). Failure to exhaust administrative remedies is an affirmative defense, and inmates are not

---

[1] Cassinelli's Petition is not a model of clarity, and it is unclear from whence the date September 9, 2013, comes. However, September 9, 2013, was 507 days prior to January 29, 2015.

required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the Supreme Court recently "held that the PLRA's [Prison Litigation Reform Act's] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, ___ U.S. ___, 2016 WL 3128839, at *5 (June 6, 2016).

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[2]

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate.

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

3

Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has

not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. Analysis of Plaintiff's Efforts at Exhaustion

In his Petition, Cassinelli fails to mention whether he pursued his administrative remedies. However, in his Reply to Respondent's assertion that he failed to file any administrative remedies concerning the computation of his sentence, Cassinelli contends an inmate is not required to complete the administrative remedy process where doing so would be futile or inadequate. (Doc. 12, pp. 1–2.) Here, Cassinelli avers the administrative remedy process would be futile because the final disposition of this process would occur after December 13, 2015, which he computed to be his release date if he were given the 507 days' credit against his federal sentence. (Id. at p. 2.) Cassinelli also avers the administrative remedy process would be inadequate because he took the warden's response to his initial administrative remedy on July 21, 2015, to express a final determination on this matter. (Id.)

The federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542, *et seq*. The Administrative Remedy Program applies to all

5

inmates incarcerated in penal institutions operated by the BOP. 28 C.F.R. § 542.10(b). Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff. 28 C.F.R. § 542.13(a). If this does not resolve the matter, an inmate must submit a formal written administrative remedy request within twenty calendar days of the incident giving rise to the grievance. 28 C.F.R. § 542.14(a). Administrative Remedy Form BP-229(13) is the form to be utilized at the institution level. This form is commonly referred to as a "BP-9" form. (Doc. 10-1, p. 3.) If unsatisfied with the Warden's response to the BP-9 administrative remedy request, an inmate may take an initial appeal to the appropriate Regional Director within twenty days of when the Warden signed the response. 28 C.F.R. § 542.15(a). Administrative Remedy Form BP-230(13) is the form to be utilized at the regional level. This form is commonly referred to as a "BP-10" form. (Doc. 10-1, p. 3.) If unsatisfied with the Regional Director's response, an inmate may take a final appeal to the BOP's Office of General Counsel in Washington, D.C., within thirty days of when the Regional Director signed the response. Id. Appeal to the BOP's Office of General Counsel is the final step in the BOP's administrative remedy process. Administrative Remedy Form BP-231(13) is the form to be utilized at the final level. This form is commonly referred to as a "BP-11" form. (Doc. 10-1, p. 3.)

The evidence before the Court reveals that Cassinelli received information regarding the BOP's Administrative Remedy Program on April 22, 2015, after he arrived at FCI Jesup on April 10, 2015. (Id. at pp. 4–5; 20, 22.) Cassinelli executed his Petition on July 9, 2015, and it was filed in the Eastern District of Kentucky on July 13, 2015. (Doc. 1.) His Petition was transferred to this Court the next day. (Doc. 2.) Cassinelli filed an Inmate Request to Staff Member dated July 14, 2015, in which he requested 507 days' credit against his federal sentence.

(Doc. 12, p. 4.) After Respondent filed his Response to Cassinelli's Petition on August 27, 2015, Cassinelli filed a BP-9 regarding his request for 507 days' credit on November 17, 2015. (Doc. 16, p. 3.) He signed his BP-10 on December 14, 2015, and his BP-11 was signed on February 24, 2016. (Id. at pp. 5, 7.)

Even if Cassinelli's Inmate Request to Staff Member dated July 14, 2015, could be considered the first, informal step of the Administrative Remedy process, Cassinelli did not begin that process until after his Petition was executed and filed. Additionally, the administrative remedy process was not completed until well after he filed his Petition. Therefore, even under Cassinelli's version of the facts, it is apparent that Cassinelli failed to properly exhaust his available administrative remedies prior to filing this Petition. Furthermore, Cassinelli's belief that the BOP's review process would have been futile cannot excuse his failure to pursue that process. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). Consequently, the Court should **DISMISS** Cassinelli's Petition.

## II.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Cassinelli leave to appeal *in forma pauperis*. Though Cassinelli has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to

7

advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Cassinelli's Petition, Respondent's Response, and Cassinelli's responsive pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** without prejudice Cassinelli's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Cassinelli leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Cassinelli and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA